## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GREGORY BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-21-763-G** |
| | ) |
| **DENIS MCDONOUGH,** | ) |
| **Secretary of Veterans Affairs,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>ORDER</u>

Now before the Court is a Motion to Dismiss (Doc. No. 4) filed by Defendant Denis McDonough, the Secretary of Veterans Affairs. Plaintiff Gregory Brown has responded (Doc. No. 5), and Defendant has filed a Reply (Doc. No. 6).[1]

   *I.   Plaintiff's Allegations*

Plaintiff's Complaint (Doc. No. 1) raises several federal discrimination claims based upon his employment with the U.S. Department of Veterans Affairs ("DVA"). As relief, Plaintiff seeks monetary damages, as well as attorney's fees and costs. *See id.* at 7.

Plaintiff alleges as follows:

Plaintiff is a Black male who was born in 1968. *Id.* ¶ 10. Plaintiff began working at the Oklahoma City Veterans Medical Center ("VAMC") in 1997. *Id.* ¶ 9. In 2015,

---

[1] The parties also have submitted additional documents as exhibits to their filings, which the Court has reviewed. *See* Def.'s Mot. Exs. 1-4 (Doc. Nos. 4-1, -2, -3, -4); Pl.'s Resp. Ex. 1 (Doc. No. 5-1). The Court need not decide whether these documents can properly be considered or noticed for determination of Defendant's Motion, because their contents would not affect any of the findings and conclusions set forth herein.

Plaintiff began working as a sergeant with the DVA Police Department at VAMC. *Id.* ¶¶ 4, 9, 13-14. Plaintiff's supervisors rated his performance and production highly, and he "did not experience problems in work performance." *Id.* ¶ 11.

In December of 2018, David Castoe, the Deputy Chief of Police, assigned another sergeant to Plaintiff's watch. Deputy Chief Castoe assigned the other sergeant to oversee Plaintiff and to serve as Watch Supervisor, although Plaintiff was the more senior sergeant. *Id.* ¶ 15.

On January 28, 2019, Deputy Chief Castoe failed to select Plaintiff for either of two unannounced Lieutenant/Police Officer positions and instead promoted two white officers to those positions. *Id.* ¶ 16.

On March 3, 2019, Deputy Chief Castoe assigned Plaintiff to the night shift effective March 17, 2019. *Id.* ¶ 17. Also in March of 2019, Deputy Chief Castoe permitted another sergeant to "verbally counsel" Plaintiff and "speak to [Plaintiff] in a derogatory manner even though Plaintiff was more senior in time and grade" than the other sergeant. *Id.* ¶ 15.

On July 5, 2019, Plaintiff filed a formal EEO complaint against Deputy Chief Castoe. *Id.* ¶ 18.

On December 3, 2019, Deputy Chief Castoe required Plaintiff to have union representation at a meeting "even though . . . Plaintiff did not have time to contact the union." *Id.* ¶ 19 (alleging that Deputy Chief Castoe "obtained union representation for Plaintiff" in violation of "the Notice of Meeting Provision").

On January 22, 2020, DVA Assistant Director Jeff Bennett issued Plaintiff a five-day suspension. *Id.* ¶ 20.

On February 13, 2020, and on March 20, 2020, Plaintiff amended his administrative complaint. *Id.* ¶ 6.  Plaintiff alleged that he was subjected to a hostile work environment "based on sex (male), race (black), color (black), age (YOB 1968) and reprisal." *Id.*

On May 17, 2020, Deputy Chief Castoe issued Plaintiff a three-day suspension and required Plaintiff to take 6 hours of annual leave. *Id.* ¶¶ 21-22.

On May 23, 2020, Deputy Chief Castoe proposed removal of Plaintiff from his position "based on [a] single allegation[] of failure to follow policy." *Id.* ¶ 23. "Plaintiff was removed from his position on March 15, 2021." *Id.*

On May 6, 2021, DVA issued its Final Agency Decision regarding Plaintiff's administrative complaint. *Id.* ¶ 7.

## II.  Applicable Standard

Citing Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant seeks dismissal of Plaintiff's claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[2]  In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

---

[2] Defendant also invokes Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff's alleged failure to fully exhaust certain claims deprives this Court of subject-matter jurisdiction over those claims.  "[T]he Tenth Circuit has specifically rejected th[is] contention," however. *Harp v. Garland*, No. CIV-19-1138-G, 2022 WL 989064, at *4 n.3 (W.D. Okla. Mar. 31, 2022) (citing *Cirocco v. McMahon*, 768 F. App'x 854, 857 n.2 (10th Cir. 2019)); *see also Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020); *Cummings v. U.S. Postal Serv.*, No. 20-7066, 2021 WL 4592271, at *4 (10th Cir. Oct. 6, 2021).

"[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim."  *Id.* at 1192.  A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (footnote and citation omitted).  Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III.    *Defendant's Motion to Dismiss*

A.  *Plaintiff's Age Discrimination Claim*

Plaintiff's first claim "incorporates by reference . . . all facts and every allegation" as summarized above and asserts, without further explanation, that these "acts and omissions of the Defendant" constituted unlawful discrimination on the basis of age.

Compl. ¶¶ 25-26 (citing the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a).[3]

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Generally, to establish a prima facie case of age discrimination, a plaintiff must prove that "1) she is a member of the class protected by the ADEA; 2) she suffered an adverse employment action; 3) she was qualified for the position at issue; and 4) she was treated less favorably than others not in the protected class." *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1279 (2010) (alteration and internal quotation marks omitted); *see also Hare v. Denver Merch. Mart, Inc.*, 255 F. App'x 298, 301-02 (10th Cir. 2007).

Additionally, ADEA claims require that a plaintiff prove, by either direct or circumstantial evidence, that age was the "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). The Tenth Circuit has clarified that "the ['but-for'] causal standard does not require plaintiffs to show that age was the sole motivating factor in the employment decision." *Jones*, 617 F.3d at 1277

---

[3] This is the approach Plaintiff takes with each of his legal claims. Because Plaintiff is not proceeding pro se, he is not entitled to a liberal construction of his Complaint. The Court, however, is mindful of its obligation under Rule 12(b)(6) to view the factual allegations in the light most favorable to Plaintiff and of the Supreme Court's instruction "that the pleading standard Rule 8 announces does not require detailed factual allegations," although "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(a)(2)).

(alterations and internal quotation marks omitted).  Rather, "an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as age was the factor that made a difference." *Id.* (internal quotation marks omitted).  At the motion-to-dismiss stage, this means that Plaintiff must allege facts that support plausible "but-for" causation, connecting the alleged discriminatory action to an adverse employment action.  *See Branum v. Orscheln Farm & Home, LLC*, No. CV-18-281, 2020 WL 1917334, at *3 (E.D. Okla. Apr. 20, 2020).

Plaintiff's sole age-related allegation is the fact that he was born in 1968.  *See* Compl. ¶ 10.  The Complaint thus provides "nothing other than sheer speculation to link" any adverse employment action "to a discriminatory . . . motive." *Khalik*, 671 F.3d at 1194. There are no allegations of age-related discriminatory comments, overt discriminatory conduct, or preferential treatment toward any younger similarly situated employee. Therefore, even assuming the claim is otherwise adequately pleaded, Plaintiff cannot plausibly establish that he "was treated less favorably" "because of" his age or that "age was the factor that made a difference" in the treatment of Plaintiff.  *Jones*, 617 F.3d at 1277-79 (internal quotation marks omitted); *see Gupta v. Okla. City Pub. Schs.*, No. CIV-18-317-G, 2019 WL 896295, at *3-4 (W.D. Okla. Feb. 22, 2019).  Plaintiff's age discrimination claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B.  Plaintiff's Race and Color Discrimination Claim

Plaintiff next asserts that the actions alleged "constitute unlawful discrimination against [him] based on race (black) and color (black)."  Compl. ¶¶ 31-32.  Although

Plaintiff does not cite a relevant statute, the parties characterize this claim as one of violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and so the Court follows suit. *See* Def.'s Mot. at 18-21; Pl.'s Resp. at 7-9.

"Title VII makes it unlawful 'to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race'" or "'color.'" *Khalik*, 671 F.3d at 1192 (quoting 42 U.S.C. § 2000e-2(a)(1)). To ultimately prove a claim of race or color discrimination, Plaintiff must show: (1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. *See EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007).

> A complaint alleging employment-based discrimination, retaliation or harassment under Title VII must "make at least minimal factual allegations on every element" of the claim. *Sims v. Wyandotte Co./Kansas City, Kan.*, 120 F. Supp. 2d 938, 967 (D. Kan. 2000). Vague references to discrimination, retaliation or harassment without any indication that the alleged misconduct was motivated by gender or another category protected by Title VII will be insufficient to support an employment-based claim.

*Rivera v. Sw. Bell Tel. Co.*, No. 13-1039, 2013 WL 2319395, at *2 (D. Kan. May 28, 2013); *accord ElHelbawy v. Pritzker*, No. 14-CV-01707, 2015 WL 5535246, at *5-6 (D. Colo. Sept. 21, 2015).

Plaintiff alleges that he belongs to protected classes and that he suffered at least one adverse employment action—i.e., not being promoted to one of the unannounced Lieutenant/Police Officer positions, which went to white officers. *See* Compl. ¶¶ 10, 16. Plaintiff's mere mention of the white officers' promotion, however, "fails to allege facts

sufficient to plausibly support an inference that" any adverse action "took place under circumstances giving rise to an inference of" race or color discrimination. *Smith v. McDonough*, No. CIV-21-737-F, 2021 WL 5999601, at *2 (W.D. Okla. Dec. 20, 2021); *see EEOC v. Flasher Co.*, 986 F.2d 1312, 1319 (10th Cir. 1992) ("Title VII does *not* make unexplained differences in treatment per se illegal nor does it make inconsistent or irrational employment practices illegal.  It prohibits only intentional discrimination *based upon* an employee's protected class.").

Plaintiff argues that he has plausibly established this element by alleging that the discriminatory acts "did not affect similarly situated employees."  Pl.'s Resp. at 8.  Plaintiff is correct that one method by which a plaintiff can satisfy the "inference of discrimination" requirement is by "show[ing] that the employer treated similarly situated employees more favorably."  *PVNF*, 487 F.3d at 800-01; *see also Khalik*, 671 F.3d at 1192 (articulating this element as a showing that the plaintiff "was treated less favorably than others not in the protected class").  "Individuals are considered 'similarly-situated' when they deal with the same supervisor, are subjected to the same standards governing performance evaluation and discipline, and have engaged in conduct of 'comparable seriousness.'"  *PVNF*, 487 F.3d at 801 (quoting *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006)).  While Plaintiff does allege that two white officers were promoted to the open job positions, and that certain disciplinary actions were meted out against Plaintiff and no one else, Plaintiff fails to present even minimal factual allegations "to reasonably support an inference that" the other employees were similarly situated in any material way.  *Smith*, 2021 WL 5999601, at *2.

Plaintiff therefore has failed to allege a Title VII discrimination claim based upon race or color upon which relief can be granted.  *See id.*; *Khalik*, 671 F.3d at 1194 (affirming dismissal pursuant to Rule 12(b)(6) when the complaint included "no allegations of similarly situated employees who were treated differently"); *cf. Bekkem v. Wilkie*, 915 F.3d 1258, 1274-75 (10th Cir. 2019) (upholding Rule 12(b)(6) dismissal of discrimination claims and noting that "lacking any facts, we cannot assume that these physicians were similarly situated simply because Plaintiff has asserted that they were so").

### C.  *Plaintiff's Hostile Work Environment Claim*

In addition to the disparate-treatment claims addressed above, Plaintiff alleges that he was subjected to a hostile work environment.  *See* Compl. ¶ 29 (alleging that "workplace discrimination and harassment because of age, sex (male), race (black), color (black) and reprisal subjected Plaintiff to a hostile work environment").

Considering this claim under Title VII, the applicable elements are: "(1) the plaintiff is a member of a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was based on [race, color, religion, sex, national origin, age, or disability]; and (4) the harassment was sufficiently severe or pervasive that it 'altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment.'"  *Smith*, 2021 WL 5999601, at *1 (quoting *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015)); *see* 42 U.S.C. § 2000e-16b(a).[4]  Hostile work environment

---

[4] The applicable test for a hostile work environment has both an objective and a subjective component.  *See Fox v. Pittsburg State Univ.*, 257 F. Supp. 3d 1112, 1123, 1130 (D. Kan. 2017).  "In determining whether an objectively 'severe or pervasive' hostile environment exists," "it is necessary to look at all the circumstances involved, including the frequency

claims are based upon "the cumulative effect of individual acts"; they involve "repeated conduct" that can "occur[] over a series of days or perhaps years." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).

Plaintiff's factual allegations fall considerably short of meeting the pleading requirements for a hostile work environment claim. With respect to a "hostile or abusive" environment, the few specific facts presented in Plaintiff's Complaint show, at most, workplace conduct that is the "run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces" and "is not the stuff of a Title VII hostile work environment claim." *Throupe v Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021) (internal quotation marks omitted) (noting that "a few isolated incidents of discriminatory conduct do[] not make the harassment pervasive" (internal quotation marks omitted)).

Nor has Plaintiff alleged facts "supporting a reasonable inference that" any "unwelcome harassment" was based upon Plaintiff's age, race, color, or sex or "stemmed from discriminatory animus." *Smith*, 2021 WL 5999601, at *2.[5] Plaintiff, for example, alleges that he was made to report to junior officers, that such junior officers were allowed to counsel him, that he was not selected for two promotions, that his work assignment was

---

of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 1130 (internal quotation marks omitted). While the offending conduct is not required to have "seriously affected the plaintiff's psychological well-being," the "conduct must be extreme"; "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.*; *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation and internal quotation marks omitted).

[5] Notably, every individual identified in the Complaint appears to be male.

changed to the night shift, that he was required to have a union representative present at a

meeting, that he was required to take leave, and that he was suspended. *See* Compl. ¶¶ 15-

22. But the Complaint is devoid of facts linking any of these action with any comments

regarding Plaintiff's age, race, color, or sex or indicating any discriminatory motivation on

the part of Defendant or relevant individuals. "Without more, [Plaintiff's] suspicions

regarding the motive for" the workplace conduct "amount to a mere 'gut feeling,' which

'is not sufficient to create an inference of discrimination.'" *Gupta*, 2019 WL 896295, at

*4 (quoting *Jackson v. City of N.Y.*, 29 F. Supp. 3d 161, 172 (E.D.N.Y. 2014)).

Accordingly, this claim must be dismissed pursuant to Rule 12(b)(6).

### D. Plaintiff's Retaliation Claim

"As a precondition to the commencement of a Title VII action in court, a

complainant must file a charge with the [EEOC] or an appropriate state or local agency.

42 U.S.C. § 2000e-5(c), (e)(1), (f)(1)." *Childers v. Bd. of Comm'rs of Okla. Cnty.*, No.

CIV-19-460-F, 2019 WL 3069446, at *2 (W.D. Okla. July 12, 2019). Title VII "prohibits

retaliation against a person who asserts rights under the statute." *Id.* (citing 42 U.S.C. §

2000e-3(a)). To establish a prima facie case of retaliation, a plaintiff must show "(1) that

she engaged in protected opposition to discrimination, (2) that a reasonable employee

would have found the challenged action materially adverse, and (3) that a causal connection

existed between the protected activity and the materially adverse action." *Khalik*, 671 F.3d

at 1193 (alteration and internal quotation marks omitted). Again, while Plaintiff has no

burden to produce evidence at this stage, the Court finds that these elements "provide a

reasonable framework for evaluating whether [Plaintiff] has sufficiently alleged a claim of

retaliation." *New v. Bd. of Cnty. Comm'rs for Tulsa Cnty.*, 434 F. Supp. 3d 1219, 1225 (N.D. Okla. 2020).

Plaintiff alleges that he was subjected to unlawful retaliation or reprisal due to his July 5, 2019 filing of a "formal EEO Complaint" against Deputy Chief Castoe.  Compl. ¶¶ 18, 34-35.  Plaintiff further argues that the events alleged to have followed—the December 3, 2019 meeting where union representation was obtained, suspensions in January 2020 and May 2020, requiring Plaintiff to take annual leave and proposing Plaintiff's termination in May 2020, and Plaintiff's removal in March 2021—were acts of retaliation for this filing.  *See id.* ¶¶ 19-24, 35; *see also* Pl.'s Resp. at 11-12.

For purposes of Defendant's Motion, the Court assumes without deciding that Plaintiff's filing of an EEO complaint was protected activity and that one or more of the cited events constitute adverse employment actions.  *See Schnelle v. Veneman*, 129 F. App'x 403, 404 (10th Cir. 2005).  The facts as pleaded by Plaintiff fail to plausibly show, however, the requisite "causal connection" between the filing of that complaint and the employment actions.  *Id.*  Beyond Plaintiff's conclusory labeling of Deputy Chief Castoe's conduct as "retaliation," there is no allegation linking the EEO filing to any of the cited employment actions.  Indeed, the Complaint alleges that Plaintiff's removal followed from Deputy Chief Castoe's contention that Plaintiff had failed to follow policy; there is no allegation that the contention was false.  *See* Compl. ¶ 23.  Further, the January 2020 suspension is alleged to have been issued by Assistant Director Bennett, with no apparent link to Deputy Chief Castoe.  *See* Compl. ¶ 20.

Plaintiff argues that the connection between the EEO complaint and the adverse actions "can be traced on a calendar." Pl.'s Resp. at 11. The Tenth Circuit has held that causation can be shown by "very close temporal proximity between the protected activity and the retaliatory conduct." *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001). For example, "a one and one-half month period" between the events may be sufficient to establish causation, but "a three-month period, standing alone," is not. *Id.*; *accord Conroy v. Vilsack*, 707 F.3d 1163, 1181-82 (10th Cir. 2013). Plaintiff offers no authority for his proposition that a seven-month period, standing alone, is sufficient to support an inference of retaliatory intent, and the Court's review finds that the relevant decisions are not in accord. *See, e.g.*, *Heiman v. United Parcel Serv., Inc.*, 12 F. App'x 656, 665 (10th Cir. 2001) ("[A]n intervening period of nearly six months is not sufficiently 'close temporal proximity' such that an inference of causation is warranted based on timing alone."); *Childers*, 2019 WL 3069446, at *3 ("Under Tenth Circuit law, four and one-half months is too long to establish causal connection.").

In summary, Plaintiff's allegation that he filed an EEO complaint and seven months later began to suffer adverse employment actions does not allow, by itself, a plausible inference of retaliatory motive to be drawn. This claim must be dismissed under Rule 12(b)(6). *See Khalik*, 671 F.3d at 1193 ("[G]eneral assertions of discrimination and retaliation, without any details of the events leading up to her termination, are insufficient

to survive a motion to dismiss.  While specific facts are not necessary, some facts are."

(alteration, citation, and internal quotation marks omitted)).[6]

CONCLUSION

For the reasons outlined above, Defendant's Motion to Dismiss (Doc. No. 4) is

GRANTED.  Plaintiff's claims are dismissed without prejudice pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure.  A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of September, 2022.

CHARLES B. GOODWIN
United States District Judge

---

[6] The Court need not reach Defendant's alternative arguments for dismissal of Plaintiff's claims.  *See* Def.'s Mot. at 11-18.

14